HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN POLITO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SKAMANIA COUNTY, et al.,<br><br>　　　　Defendants. | CASE NO. C15-5542 RBL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>DKT. #9 |

THIS MATTER is before the Court on Defendant Society of Jesus, Oregon Province's Motion to Dismiss or for Summary Judgment. [Dkt. #9].

Plaintiff Steven Polito owns a home in Washougal. He apparently got into a dispute with his tenants, the Millers, over medical marijuana being grown on the property. Skamania County sheriffs eventually arrested him. He sued Skamania County, the Millers, Oregon Province, and others. Polito specifically claims that Oregon Province conspired with the other Defendants to damage his reputation and property. He asserts federal "civil rights" claims and state law tort claims.

Oregon Province seeks dismissal of (or summary judgment on) Polito's claims because it had no contact with Polito and no knowledge of him prior to the suit. Thus, it argues, Polito has

not stated, and cannot plausibly state, a claim against it. Alternatively, Oregon Province argues that Polito cannot provide evidence supporting any of his claims against it, and seeks summary judgment on them. It presents evidence (in the form of Declarations from two of its officers) that Oregon Province had no knowledge of Polito or his teachings, and no relationship with Skamania County or the Millers. Indeed, none of its Jesuits are assigned to live or work in southwest Washington.

Polito's Response does not address, much less rebut, these arguments or facts. Instead, he claims that he has "stated a claim under Rule 8" and that the Motion to Dismiss is premature as discovery has not commenced. Polito has not submitted any evidence in support of his claims.

## I.    DISCUSSION

**A.    Motion to Dismiss.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss. *See Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). The factual allegations pleaded must plausibly suggest an entitlement to relief so as to not unfairly require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Polito's claims against Oregon Province do not rise above the speculative level. His conclusory claims of a conspiracy for unknown purposes are not plausible and fail to meet the *Twombly* and *Iqbal* pleading standards. Polito's claim that this motion is premature (without the benefit of discovery) is incorrect; motions to dismiss are intentionally aimed at the pleadings rather than evidence, and Rule 12(b) requires a defendant to bring a motion to dismiss no later than its first responsive pleading here, the answer, which must be filed within 21 days of the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Polito's claim that he needs discovery to uncover facts to support his claims is also flawed. Discovery is not vehicle for stating a claim; it is a tool for obtaining evidence. Indeed, Rule 12(b)(6) is meant to preclude just these types of speculative and implausible claims, early in the litigation, to not unfairly burden the defendant with discovery.

Polito's complaint does not state a plausible claim against Oregon Province, and his response is deficient both because it does not explain how he could plausibly assert a claim and because his complaints about the motion's timing are baseless. Oregon Province's Motion to Dismiss is GRANTED.

**B.     Motion for Summary Judgment.**

Oregon Province submitted declarations from two of its officers denying any relationship between the organization and any other party to this case, and denying any knowledge of Polito's religious writings or teachings the motivation, he alleges, for their conspiracy against him.

1   Summary judgment is appropriate when, viewing the facts in the light most favorable to
2 the nonmoving party, there is no genuine dispute as to any material fact and the movant is
3 entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the moving party has
4 satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present,
5 by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts
6 showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324
7 (1986). In other words, "[t]he mere existence of a scintilla of evidence in support of the non-
8 moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216,
9 1221 (9th Cir. 1995). Summary judgment should be granted where the nonmoving party fails to
10 offer evidence from which a reasonable jury could return a verdict in its favor. *Id.* Mere
11 allegation and speculation do not create a factual dispute for purposes of summary judgment. *See*
12 *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). Likewise, the non-moving
13 party may not merely state that it will discredit the moving party's evidence, but must instead
14 produce at least some significant probative evidence tending to support the complaint. *See T.W.*
15 *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In order to
16 carry its burden of production for the purposes of summary judgment, the moving party must
17 either produce evidence negating an essential element of the nonmoving party's claim or defense
18 or show that the nonmoving party does not have enough evidence of an essential element to carry
19 its ultimate burden of persuasion at trial. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz*
20 *Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).
21   Polito has not provided any evidence supporting his claim for vicarious liability, much
22 less evidence addressing Oregon Province's claim that it had no relationship with him. He has
23 also not refuted Oregon Province's declarations denying any controlling relationship with the
24

1 | other Defendants. Even viewing in the light most favorable to Polito, there is not even a scintilla
2 | of evidence supporting the claim that Oregon Province was involved with the circumstances
3 | giving rise to this litigation. Without any proof, and in the face of evidence refuting the essential
4 | element of his claims, Polito's allegations are mere speculation. They do not create a factual
5 | dispute to save his claims against Oregon Province from summary judgment.

6 |      Polito argues that he needs discovery to plead and prove the conspiracy he alleges. He
7 | asks the court to allow discovery so as to not "subvert the interests of justice."

8 |      When a party seeks summary judgment, the nonmovant is allowed to show by affidavit or
9 | declaration that, for specified reasons, it cannot present facts essential to justify its opposition.
10 | *See* Fed. R. Civ. P. 56(d). A district court should continue a summary judgment motion upon a
11 | good faith showing by affidavit that the continuance is needed to obtain facts essential to
12 | preclude summary judgment. *State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control*
13 | *v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The nonmoving party must show (1) that it has
14 | set forth in affidavit form the specific facts that it hopes to elicit from further discovery, (2) that
15 | the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary
16 | judgment motion. *Id.* Failure to comply with these requirements is a proper ground for denying
17 | relief. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). The burden
18 | is on the party seeking additional discovery to proffer sufficient facts to show that the evidence
19 | sought exists, and that it would prevent summary judgment. *Chance v. Pac-Tel Teletrac Inc.*, 242
20 | F.3d 1151, 1161 (9th Cir. 2001). Even though a *pro se* civil plaintiff may be unaware of the
21 | measures he needs to take to oppose a summary judgment motion, courts are not required to
22 | advise him of the need to file affidavits or other responsive materials. *See Jacobsen v. Filler*, 790
23 | F.2d 1362, 1366-67 (9th Cir. 1986).

24 |

Even assuming Polito's discovery request qualifies as an affidavit under *Campbell*, he has not stated the particular facts he seeks, whether they exist, nor how they would defeat Oregon Province's motion. He has failed to satisfy Rule 56(d)'s requirements for opposing or delaying summary judgment for want of evidence. He is not entitled to delay the motion, and the Motion is GRANTED.

## II.  CONCLUSION

There is no evidence supporting Polito's conspiracy allegations implicating Oregon Province in this matter. Polito has likewise failed to identify the specific information he seeks through discovery that would save his claims from summary judgment. Accordingly, Oregon Province's Motion for Summary Judgment [Dkt. #9] is GRANTED and Polito's claims against it are DISMISSED WITH PREJUDICE. Consequently, Oregon Province's request that this Court dismiss Polito's federal claims against it and decline to exercise supplemental jurisdiction over his state law claims is rejected as moot.

IT IS SO ORDERED.

Dated this 5th day of February, 2016.

Ronald B. Leighton
United States District Judge

DKT. #9 - 6